IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01526-BNB

DELROY EDWARDS,

    Plaintiff,

v.

R. WILEY, Warden,
M. CRUZ, Associate Warden,
M. COLLINS, Unit Manager,
T. SUDLOW, Case Manager,
G. KNOX, Unit Counselor,
W. HAYGOOD, Unit Counselor,
WALTERS, Lieutenant, and
L. RODGERS, C.O.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 8 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Delroy Edwards, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Edwards filed *pro se* a complaint for money damages and declaratory and injunctive relief, and paid the $350.00 filing fee. He asserts jurisdiction pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986, and 1987. He also asserts jurisdiction pursuant to 42 U.S.C. §§ 1703, 1708, 1709, and 1710. Section 1703 simply defines a contractor with the United States. Sections 1708 through 1710 do not exist. In addition, he appears to assert jurisdiction pursuant to 18 U.S.C. §§ 241 and 242, to which he erroneously refers as 42 U.S.C. §§ 241 and 242.

The Court must construe the complaint liberally because Mr. Edwards is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Edwards will be ordered to file an amended complaint.

Mr. Edwards is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. §§ 241 and 242. He may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Mr. Edwards lacks standing to maintain a criminal action.

Mr. Edwards' complaint totals 131 pages, 47 of which simply explain the nature of his case. He asserts 15 claims. His handwriting, which is hard to read, makes understanding his allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. Mr. Edwards' complaint is difficult to read, in part, because the complaint is single-spaced and written in all capital letters. Therefore, the amended complaint Mr. Edwards is directed to file, if handwritten, must be double-spaced and written legibly, utilizing both capital and lower-case letters.

The amended complaint Mr. Edwards is directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Edwards to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Edwards' complaint is verbose and confusing. Although he provides a statement of the Court's jurisdiction, *see* complaint at 3, some of the statutes cited as

the basis for jurisdiction are unrecognizable. He fails to assert which claims are asserted pursuant to which statute. He also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Edwards has distributed his allegations between the section of the complaint designated "C. Nature of the Case" and the discussion of the individual claims themselves. He apparently expects the Court, as well as the defendants, to piece together the claims and their factual support. That is not a judicial function. It is Mr. Edwards' responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Edwards must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Edwards also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Edwards must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Edwards may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Edwards uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Edwards should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Delroy Edwards, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Edwards, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled " Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Edwards fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion to compel filed on July 30, 2009, is denied as moot because the Court has received the $350.00 filing fee for this action. It is

FURTHER ORDERED that the motion for copying filed on June 30, 2009, is denied as unnecessary because Mr. Edwards is not being ordered to submit copies of the complaint he originally filed.

DATED September 8, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01526-BNB

Delroy Edwards
Reg. No. 25109-053
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/8/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk